IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    Case No. 25-10051-JWB

BENJAMIN CHARLES FISHER,

       Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate his sentence through 28 U.S.C. § 2255 (Doc. 44); Defendant's motion to appoint counsel (Doc. 45); and the government's motion to dismiss Defendant's § 2255 motion (Doc. 50). Defendant has not responded to the government's motion to dismiss and the time for doing so has passed. The motions are therefore ripe for decision. For the reasons stated herein, the government's motion to dismiss Defendant's § 2255 motion (Doc. 50) is GRANTED. Defendant's motions to vacate his sentence and for appointment of counsel (Docs. 44, 45) are DENIED.

**I.      Facts**

On May 13, 2025, Benjamin Fisher ("Defendant") was indicted on six counts of distribution of child pornography in violation of 18 U.S.C. § 2252A. (Doc. 1.) On October 15, Defendant pled guilty to one count of distribution of child pornography with the remaining counts dismissed as part of a plea agreement. (Docs. 22, 23.) The following facts were admitted as part of his plea agreement:

> The Defendant Benjamin Charles Fisher admits that he used Kik, a social media messaging platform, to engage in chat messaging with other offenders for the purpose of trading child pornography. The Defendant would engage in this conduct,

using multiple alias accounts, connecting via the internet from his home and from his work, in Kansas.

Specifically, as related to Count 4 of the Indictment, the Defendant admits he used a Kik account identified as "derrickmay13" on January 14, 2025 to send a video of a prepubescent minor made to perform oral sex on an adult male, from his home in Clearwater, Kansas. That video was part of a chat conversation with another user wherein the Defendant asked "Trade?" and indicated his preference for 12-15 year olds.

The Defendant agrees and acknowledges that his use of Kik and the internet involved using a means and facility of interstate commerce.

(Doc. 23 at 2.)  As part of the plea agreement, Defendant waived his right to appeal or collaterally attack any matter relating to his conviction by explicitly agreeing that:

[D]efendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, as well as the length and conditions of supervised release. . . . The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. . . .

(*Id*. at 7–8.)  On January 7, 2026, this court sentenced Defendant to 240 months in federal prison, 5 years supervised release, $100 assessment, and $30,500 restitution.  (Doc. 29.)  Defendant did not appeal his sentence.

On April 10, Defendant filed the instant motion to vacate his sentence through 28 U.S.C. § 2255 as well as his motion seeking the appointment of counsel.  (Docs. 44, 45.)  In his § 2255 motion, Defendant argues that his sentence ought to be vacated because child pornography statutes are unconstitutional.  (Doc. 44-1 at 11–26.)  As to his motion seeking the appointment of counsel, Defendant argues that the nature of his § 2255 motion presents novel and complex constitutional challenges meriting the appointment of counsel.  (Doc. 45 at 1–6.)  The court rejects these arguments and for the reasons explained below, declines to set a hearing or grant Defendant's requested relief.

2

**II.    Standard**

Section 2255(a) of Title 28 of the U.S. Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings; *see United States v. Santiago*, No. 19-10055-JWB, 2021 WL 663201, at *3 (D. Kan. Feb. 19, 2021).

**III.    Analysis**

As a preliminary matter, Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if an evidentiary hearing is warranted for a § 2255 motion. Here, the briefs and the record conclusively demonstrate that no evidentiary hearing is necessary because the record plainly shows that Defendant is not entitled to relief. Accordingly, the court denies Defendant's motion to appoint counsel. (Doc. 45.) Thus, the interests of justice do not require appointment of counsel. The court now proceeds to analyzing Defendant's § 2255 motion.

Defendant seeks relief by arguing that his conviction under 18 U.S.C. § 2252A for distribution of child pornography is unconstitutional because Congress has failed to achieve what he characterizes as Congress's stated goal, the eradication of child pornography from the market, thus the continued enforcement of these statutes bears no rational relation to their purpose and therefore the statutes are an arbitrary exercise of governmental power in violation of due process.

3

(Doc. 44-1 at 2–3.)   Defendant advances this theory on three fronts: (1) that the statutes criminalizing the production, distribution, viewing, and possession of child pornography are facially unconstitutional for failing to eradicate the market; (2) that the sentencing scheme is unconstitutional because it rests solely on general deterrence, which he contends cannot apply to child pornography offenders who, being sexually aroused, are incapable of the rational decision-making that deterrence presupposes; and (3) that the sentencing scheme inflicts purposeless and needless punishment because the eradication goal has never been achieved.   The only relief Defendant seeks is that his sentence be vacated and that he be resentenced.  (Doc. 44 at 12.)  But as discussed below, each of these claims is barred by Defendant's waiver of the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255.

"A defendant's waiver of the right to bring a collateral attack is generally enforceable and requires dismissal of a § 2255 motion." *United States v. Winberg*, 786 F. App'x 753, 756 (10th Cir. 2019).  In determining whether a waiver bars a particular claim, a court must assess whether: (1) the disputed claim falls within the scope of the waiver of collateral review rights; (2) the defendant knowingly and voluntarily waived his collateral review rights; and (3) enforcing the waiver would result in a miscarriage of justice. *Id*.  Recently, the Supreme Court expounded upon the enforceability of appeal waivers.  *See Hunter v. United States*, No. 24-1063, 2026 WL 1751815, at *8 (U.S. June 18, 2026).  The Court stated that an appeal waiver may be set aside "only if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute," which sets a "high bar." *Id*.  While not an exhaustive list, the Court gave three examples of when an error amounts to bringing the judicial system into disrepute: (1) a sentence imposed above the statutory maximum, (2) a judge takes into account a constitutionally impermissible factor when sentencing (such as race), or (3) if a sentence is imposed without "'some

4

minimum of civilized procedure.'"  *Id*. (quoting *United States v. Adkins*, 743 F.3d 176, 192–193 (CA7 2014)).  Here, the Defendant's appeal waiver is enforceable.

First, Defendant's instant challenge falls squarely within the scope of his plea agreement waivers of

> any right to appeal or collaterally attack any matter in connection with this prosecution . . . [and] any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including . . . a motion brought under 28 U.S.C. § 2255.

(Doc. 23 at 7–8.)  The record shows that Defendant knowingly and voluntarily waived his collateral review rights.  Further, Defendant does not allege that he had misunderstood or acted involuntarily with regard to adopting the waiver.  He was provided with competent counsel to explain the waiver which was clearly spelled out in the plea agreement.  Moreover, the court addressed the waiver with Defendant at the Rule 11 hearing, as seen in the following colloquy:

> THE COURT: Now a criminal defendant who is convicted at trial, in addition to having the right to file an appeal, may under some circumstances attack the conviction or sentence in a separate legal proceeding known as a collateral attack. But do you understand that as explained in paragraph 13 of your plea agreement you're generally giving up your right to challenge this prosecution, your conviction, or your sentence in this case, whether by direct appeal, or by collateral attack?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

(Doc. 48 at 11:12–24.)  Defendant's affirmative responses under oath confirm that he understood the waiver and voluntarily agreed to it.  (*Id*.)  As to the "miscarriage of justice" requirement, that only applies where: (1) the district court relied on an impermissible factor such as race; 2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise

5

unlawful. *Winberg*, 786 F. App'x at 758 (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)).  Defendant fails to allege any facts supporting any of the grounds for a miscarriage of justice.  As such, Defendant's argument is barred by his waiver of collateral attack, and his § 2255 motion must be dismissed.

Although Defendant's waiver alone requires dismissal, the court pauses to note that his central premise—that a criminal statute must be struck down as unconstitutional simply because it has not eradicated the conduct it prohibits—is entirely nonsensical.  Carried to its logical conclusion, that reasoning would render every criminal law unconstitutional.  For no statute forbidding murder, theft, or any other offense has ever succeeded in eliminating the conduct it targets.  The persistence of crime despite its prohibition reflects the limits of human nature, not a constitutional defect in the laws that forbid it.  Defendant does, however, correctly recognize that "[c]hild pornography is an atrocious and vile product that harms children." (Doc. 44-1 at 2.)  And it is for his role in the distribution of that material that Defendant is in federal prison—thereby taking one step closer to eradicating that conduct.

## IV.    Conclusion

THEREFORE, the government's motion to dismiss Defendant's 28 U.S.C. § 2255 motion (Doc. 50) is GRANTED.  Defendant's remaining motions (Docs. 44, 45) are DENIED.

FURTHER, an appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if Defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED.  Dated this 22nd day of July, 2026.

　　　　　　　　　　　　　_s/ John W. Broomes_____
　　　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

6